**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COLE GUSTIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PLANO MOLDING CO. et al., )<br>)<br>Defendants. )<br>) | 2:14-cv-00700-RCJ-CWH<br><br>**ORDER** |

This case arises out of an accidental shooting. Pending before the Court is a Motion for Summary Judgment (ECF No. 52). For the reasons given herein, the Court grants the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

On August 9, 2012, Plaintiff Cole Gustin, who was ten years old, was playing in his mother's bedroom when he found a DoskoSport gun case (the "Case") containing a pistol and secured with two padlocks. (Compl. ¶ 9, ECF No. 1-1). Without unlocking either lock, Plaintiff pulled the pistol out through the side of the Case and accidentally shot himself in the head. (*Id.* ¶ 10). Plaintiff survived but was seriously and permanently injured. (*Id.* ¶ 11).

Plaintiff sued Defendants Plano Molding Co. ("Plano") and Doskocil Manufacturing Co. ("Doskocil") in state court through his mother and guardian ad litem, Carmen Gustin, for strict product liability and negligence. Plano removed and has now moved for summary judgment.

## II.    LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   ANALYSIS

Plano asks the Court to grant it summary judgment on both claims because it did not design, manufacture, distribute, or sell the case.  Plano has satisfied its initial burden on summary judgment by presenting evidence that negates the above element of the claims.  Plano notes that Plaintiff has accused both Defendants of designing, manufacturing, distributing, and selling DoskoSport gun cases. (*See* Compl. ¶¶ 13–14).  Plaintiff refers to Defendants collectively and interchangeably, however. (*See id.*).  Plano notes that Doskocil admits that produced, designed, and manufactured a gun case under the name "DoskoSport" between 2002 and 2007.  Plano's verified responses to Plaintiff's first set of interrogatories indicates that Plano did not

obtain Doskocil's gun case molds until the Fall of 2007. (*See* Responses 2–5, ECF No. 52-4).

Furthermore, Plaintiff's verified answers to Plano's first set of interrogatories indicate that

Gustin received the Case from David Law as a gift, and that she could not recall the exact date

but believed it was over ten years before August 18, 2014. (*See* Responses 5–6, ECF No. 52-5).

Plano has satisfied its initial burden on summary judgment.  Plano's evidence negates at least the

causation elements of the strict liability and negligence claims, because the evidence shows that

the Case was purchased before Plano had the molds to make such a case, and it therefore cannot

have made the Case that is alleged to have caused the harm.

Plaintiff has not opposed the motion, but Doskocil has, noting that Carmen Gustin is

sscheduled to be deposed on February 24, 2015, and that David Law's deposition is yet to be

taken.  Law's deposition is particularly important, because he will have the best knowledge of

when he purchased the Case.  As Doskocil notes, Gustin's answer to the interrogatory indicates

she is uncertain of the date she received the Case from Law.  It is still possible that Law

purchased it after Plano received the molds from Doskocil, and therefore that Plano

manufactured the Case.

If a non-movant shows by affidavit or declaration that it cannot present facts essential to

the opposition, a court may deny or defer ruling on the motion, allow further discovery, or issue

any other appropriate order. Fed. R. Civ. P. 56(d)(1)–(3).  Doskocil, however, has adduced no

affidavit or declaration supporting its request for additional discovery, as required by the rule.

The evidence Doskocil has adduced in opposition does not tend to create a genuine issue of

material fact over whether Plano manufactured the Case.  The sole exhibit adduced is Doskocil's

verified second supplement to its answers to Plaintiff's first set of interrogatories, which does not

tend to show that Plano manufactured the Case.  Nor will Doskocil be prejudiced by the present

ruling.  If Doskocil later discovers evidence tending to show that Plano manufactured the Case, it can move for summary judgment on that basis, or at least argue to the jury that it did not manufacture the case.  The potentially aggrieved party in such a situation would be Plaintiff, but Plaintiff, perhaps confident that Doskocil is the proper Defendant, has not opposed Plano's motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 52) is GRANTED.

IT IS SO ORDERED.

Dated this 25th day of March, 2015.

 

_____

ROBERT C. JONES
United States District Judge