1

2

3

4 **UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**
5

6 _____

7 COLE GUSTIN,                                    )
                                                 )
8              Plaintiff,                         )                2:14-cv-00700-RCJ-CWH
                                                 )
9       vs.                                       )
                                                 )                **ORDER**
10 PLANO MOLDING CO. et al.,                      )
                                                 )
11             Defendants.                        )
   _____)
12

13        This case arises out of an accidental shooting.  Pending before the Court is a Motion to

14 Dismiss (ECF No. 111).  The Court grants the motion, with leave to amend.

15 **I.      FACTS AND PROCEDURAL HISTORY**

16        On August 9, 2012, Plaintiff Cole Gustin, who was ten years old, was playing in his

17 mother's bedroom when he found a DoskoSport gun case (the "Case") containing a pistol and

18 secured with two padlocks. (Compl. ¶ 9, ECF No. 1-1).  Without unlocking either lock, Plaintiff

19 pulled the pistol out through the side of the Case and accidentally shot himself in the head. (*Id.*

20 ¶ 10).  Plaintiff survived but was seriously and permanently injured. (*Id.* ¶ 11).

21        On March 20, 2014, Plaintiff sued Defendants Plano Molding Co. ("Plano") and

22 Doskocil Manufacturing Co. ("Doskocil") in state court through his mother and guardian ad

23 litem, Carmen Gustin, for strict liability and negligence.  Plano removed, and the case was

24

assigned to this Court as No. 2:14-cv-700.  Plano moved for summary judgment based on evidence that it had not obtained the molds to make cases like the Case until after the Case was sold.  The Court granted the motion, leaving Doskocil as the sole remaining Defendant.  On November 17, 2014, Carmen Gustin sued Plano and Doskocil in state court on her own behalf for strict liability, negligence, and negligent infliction of emotional distress based on the same incident. (*See generally* Compl., ECF No. 111-3).  Defendants removed, and the case was assigned to Judge Mahan as No. 2:15-cv-589.  The parties stipulated to consolidate the '589 Case into the '700 Case, with the latter case as the lead case.  Doskocil has moved to dismiss the '589 Complaint based on the statute of limitations.

## II.    DISCUSSION

Because a statute of limitations is an affirmative defense, a court cannot dismiss based thereupon unless the defense appears on the face of the pleading to be dismissed. *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).  The '589 Complaint indicates that the injury occurred on August 9, 2012. (Compl. ¶ 10, ECF No. 111-3).  The '589 Complaint was filed on November 17, 2014. (*Id.* 1).  The statute of limitations for personal injury or wrongful death actions in Nevada is two years. Nev. Rev. Stat. § 11.190(4)(e).  Because the affirmative defense of the statute of limitations appears on the face of the '589 Complaint, the Court grants the motion to dismiss.

In response, Plaintiff argues that she did not discover the defective condition of the case until within two years of when she filed the lawsuit.  But Plaintiff cannot amend her pleading via a response to a motion.  Because the defect in the pleading can potentially be cured by amendment, Plaintiff may amend to allege facts that would support the tolling of the statute.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 111) is GRANTED, with leave to amend within 28 days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge