# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COLE GUSTIN, by and through CARMEN GUSTIN, Guardian Ad Litem, | Case No. 2:14-cv-00700-RCJ-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| PLANO MOLDING COMPANY, et al., | |
| Defendants. | |

Presently before the Court is Defendant Doskocil Manufacturing Company's Motion to Set Reasonable Fees for the Deposition of James Loong, Ph.D. (ECF No. 134), filed on January 29, 2016. The motion is unopposed. (Notice of Non-Resp. (ECF No. 138).)

The issue on this motion is Dr. James Loong's fees for taking his deposition. Dr. Loong is Plaintiff's neuropsychological expert. (Mot. to Set Fees, Ex. A.) Dr. Loong initially provided to Defendant Doskocil a retainer agreement stating that he charged a rate of $800.00 per hour for evaluation and recommendation and $1,000.00 per hour for depositions. (*Id.* at Ex. B.) The agreement states that Dr. Loong requires pre-payment of fees. (*Id.*) Dr. Loong subsequently provided to Defendant Doskocil an updated agreement with an increased deposition fee of $1,500.00 per hour as well as an invoice for all seven hours of his deposition time, totaling $10,5000.00. (*Id.* at Exs. D, E.) Dr. Loong charged Plaintiff $800.00 per hour for work on Plaintiff's case. (*Id.* at Ex. F.)

Defendant Doskocil now requests that the Court limit Dr. Loong's hourly fee, arguing that it is unreasonable for Dr. Loong to charge Defendant Doskocil $700.00 per hour more than what he charged Plaintiff. Defendant Doskocil requests that Dr. Loong's hourly fee be set at $500, which is the rate of Defendant Doskocil's neuropsychological expert, Lewis Etcoff, Ph.D. (*Id.* at Ex. G.) Alternatively, Defendant Doskocil requests that Dr. Loong's hourly fee be set at $800.00, which is

his normal hourly rate.  As evidence of the prevailing rates for neuropsychological experts, Defendant Doskocil provides the fee schedule of neuropsychologist Ari Kalechstein, who charges $650.00 per hour for depositions.  (*Id.* at Ex. H.)  Defendant Doskocil also requests that it not be required to execute a contract or agreement with Dr. Loong regarding the deposition.

Under Federal Rule of Civil Procedure 26(b)(4)(E)(I), the party seeking discovery must pay an expert "a reasonable fee" for time spent in a deposition.  In determining what constitutes a reasonable fee, courts consider factors such as "(1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Axelson v. Hartford Ins. Co. of the Midwest*, No. 2:11-cv-1827-RCJ-GWF, 2013 WL 1261757, at *2 (D. Nev. Mar. 26, 2013).

Here, Defendant Doskocil does not provide argument or evidence on any of these factors except the prevailing rates and the fee being charged by the expert to the party who retained him.  Regardless, given that the other experts' rates are well below $1,500.00 per hour for depositions  and that Dr. Loong charged Plaintiff $800.00 for the work performed in this case, the Court finds that the hourly rate of $800.00 for Dr. Loong's deposition is reasonable.  The Court therefore will grant Defendant Doskocil's motion to the extent that it requests that Dr. Loong's deposition fee be set at $800.00 per hour.

The Court further orders Defendant Doskocil to pay Dr. Loong $1,600.00 in advance of his scheduled deposition.  The $1,600.00 covers the first two hours of Dr. Loong's deposition.  If the deposition exceeds two hours, then Defendant Doskocil must pay Dr. Loong for the additional time based on an hourly rate of $800.00, in half-hour increments, i.e., if the deposition goes an additional half hour, Defendant Doskocil must pay an additional $400.00.  Dr. Loong must make himself available for up to four hours of deposition time.  Defendant Doskocil must promptly pay any additional compensation for the deposition to Dr. Loong.  Finally, neither Defendant Doskocil nor its

attorney are required to execute a contract with Dr. Loong regarding his deposition; rather, the Federal Rules of Civil Procedure and this Court's orders govern the conditions under which the deposition is taken.

IT IS SO ORDERED.

DATED: March 9, 2016

_____
C.W. Hoffman, Jr.
United States Magistrate Judge