# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| CARMEN GUSTIN, ) | |
| ) | |
| Plaintiff, ) | 2:14-cv-00700-RCJ-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DOSKOCIL MANUFACTURING CO., ) | |
| ) | |
| Defendant. ) | |

These consolidated cases arise out of a shooting resulting from an allegedly defective gun case. Pending before the Court are a Motion to Reconsider (ECF No. 157) and an Amended Motion for Court Approval of Settlement and Minor's Compromise (ECF No. 165). The Court denies the motion to reconsider and grants the motion to approve minor's compromise.

## I.      FACTS AND PROCEDURAL HISTORY

On August 9, 2012, Plaintiff Carmen Gustin's ten-year-old son Cole was playing in his home when he found a Doskocil gun case secured with two padlocks. (Second Am. Compl. ¶¶ 9–10, ECF No. 135). Without unlocking or removing either lock, Cole pulled a pistol out of the case and shot himself in the head, causing serious injury. (*Id.* ¶ 12).

On March 20, 2014, Cole sued Defendants Plano Molding Co. ("Plano") and Doskocil Manufacturing Co. ("Doskocil") in state court through his guardian ad litem for strict liability

and negligence.  Plano removed, and the case was assigned to this Court as case number 2:14-cv-700.  Plano moved for summary judgment based on evidence that it had not obtained the molds to make cases like the one at issue here until after the case was sold.  The Court granted the motion, leaving Doskocil as the sole remaining Defendant in the '700 Case.  Those claims remain for trial.

On November 17, 2014, Carmen sued Plano and Doskocil in state court on her own behalf for strict liability, negligence, and negligent infliction of emotional distress ("NIED").  Defendants removed the First Amended Complaint ("FAC"), and the case was assigned to Judge Mahan as case number 2:15-cv-589.  The parties stipulated to consolidate the '589 Case into the '700 Case, with the latter case as the lead case.  Doskocil moved to dismiss the FAC based on the statute of limitations, and the Court granted the motion, with leave to amend to allege facts concerning the discovery rule.  Carmen filed the Second Amended Complaint ("SAC"),[1] and Doskocil moved to dismiss it under the statute of limitations, arguing that the discovery rule does not apply to the claims in this case.  The Court granted the motion.

Carmen has asked the Court to reconsider dismissal of the '589 Case under the statute of limitations.  The Court declines to reconsider.  Furthermore, Cole has asked the Court to approve a settlement of his claims in the '700 Case, and no party has objected.  As noted at the hearing, the Court grants that motion.

---

[1] The caption of the SAC lists case number 2:14-cv-700.  That appears to have been in error. Cole's claims are at issue in the '700 Case.  In that case, Cole's claims for strict liability and negligence remain as against Doskocil.  The SAC is an amendment of Carmen's claims in the '589 Case for NIED, negligence, and strict liability against Doskocil.  It is not a consolidated pleading with the remaining claims in the '700 Case.  In other words, there remain two separate (though consolidated) cases with their own operative complaints, and the SAC filed at Docket No. 135 should contain the case number 2:15-cv-589.  Also, the caption of the SAC lists Plano as a Defendant, but Plano is not listed as a party in the body of the SAC, and the Court perceives this to also be an error in the caption of the SAC.

## II.     DISCUSSION

The Court previously ruled that the statutory text indicated that the discovery rule did not apply to claims governed by Nevada Revised Statutes section 11.190(4)(e), which includes personal injury claims like the present one.  There was no controlling authority on the issue, but the Nevada Supreme Court had explicitly so ruled in an unpublished opinion, and the Court independently agreed with the analysis.  Carmen has asked the Court to reconsider.  The Court will not reconsider, because there was no clear error of law.  *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  As Defendant notes, Carmen cites only to federal district court opinions and another unpublished opinion of the Nevada Supreme Court.  And in the latter case, the application of the discovery rule did not matter, because the Court found that the limitations period had run even assuming the discovery rule applied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 157) is DENIED.

IT IS FURTHER ORDERED that the Amended Motion for Court Approval of Settlement and Minor's Compromise (ECF No. 165) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 161) and the Motion to Shorten Time (ECF No. 175) are DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment in Case No. 2:14-cv-700 and close the case.

IT IS SO ORDERED.

Dated this 6th day of July, 2016.

_____
ROBERT C. JONES
United States District Judge